**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0155n.06
Filed: December 15, 2004

No. 03-3693

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PARVEEN BEGUM,
　　*Petitioner,*

　　　　　　v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,
　　*Respondent*.

_____/

Petition for Review of an
Order of the Board of Immigration
Appeals

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges

**Kennedy, J.** Parveen Begum petitions this court for review of the order of the Board of Immigration Appeals ("BIA") denying her request for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction to hear this petition pursuant to the Immigration and Nationality Act. 8 U.S.C. § 1252.

## BACKGROUND

Petitioner is a citizen of Bangladesh who entered the United States on June 25, 1997 as a non-immigrant exchange visitor. She had permission to remain in the United States until August 31, 1997, but she remained beyond that time. The former Immigration and Naturalization Service ("INS") began removal proceedings pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), on December 4, 1999. Petitioner conceded removability, but requested asylum on February 2, 1999.

At her asylum hearing, petitioner discussed several incidents that she alleged proved a well-founded fear of persecution that would permit her asylum in the United States. Petitioner is a doctor.

She alleges that her work on women's health issues, especially her work on birth control and abortion rights, angered an Islamist group in Bangladesh known as the Moulabadi. She further alleges three specific incidents that she argues constitute persecution.

First, petitioner described an incident in which several men from the Moulabadi surrounded her house and threatened to kill her. However, petitioner never saw the men as her brother was able to talk with the men and get them to disperse before petitioner arrived at home. Therefore, everything petitioner knew about the incident came from her brother. Petitioner's brother's affidavit was an exhibit. It said nothing about the threat to kill her.

Second, petitioner describes an incident where the rickshaw in which she and a friend were riding was rammed from behind by another "baby taxi" (a motorized rickshaw). Petitioner and her friend were injured. Petitioner alleges that the men in the baby taxi were part of the Moulabadi.

Finally, in 1998, after petitioner came to the United States, petitioner alleges that the Moulabadi destroyed part of a boundary wall being built around her family house in Bangladesh. Petitioner's brother complained to the police. The police were apparently investigating the destruction of the wall at the time of the hearing. Petitioner however, indicated that the government, in general, does nothing to stop these types of incidents of intimidation.

The immigration judge found most of petitioner's testimony, and that of the rest of her witnesses, incredible. In particular, he questioned petitioner's version of events with respect to all of the specific incidents of past persecution. He also questioned whether the specific incidents, if true, constituted mere harassment rather than persecution. As a result of these concerns, he denied her the requested relief. The Board of Immigration Appeals affirmed the immigration judge's decision without issuing an opinion.

2

**ANALYSIS**

We review the factual findings underlying the immigration judge's denial of asylum with great deference, and we uphold them on review unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In order to reverse, we must find that "the evidence not only supports a contrary conclusion, but indeed *compels* it." *Klawitter v. I.N.S.*, 970 F.2d 149, 152 (6th Cir. 1992) (italics in original).

Petitioner's entire argument on appeal, in a cursory fashion, invites us to reexamine the evidence presented at the hearing and find that it amounts to past persecution. From that past persecution, petitioner argues, we must find a presumption that petitioner would suffer future persecution. We cannot do as petitioner requests.

Because the immigration judge's findings are due great deference, we cannot say that the evidence on the record compels a different finding than the one he made. We cannot find that petitioner's evidence establishes past persecution given the many problems the immigration judge identified with the credibility of petitioner's evidence.

Furthermore, we do not disagree with the immigration judge that even if petitioner's evidence is true, the incidents in question amount to harassment, but do not rise to the level of persecution. *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 389-90 (6th Cir. 1998). We cannot find a history of past persecution in this case on the record before us.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the decision of the Board of Immigration Appeals and **DISMISS** the petition for review.

3